UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NATHANIEL REDDING,

    Plaintiff,

v.                                                                           Case No. 3:23cv24741-MCR-HTC

WARDEN GARY ENGLISH, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

Plaintiff Nathaniel Redding, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983 for alleged deliberate indifference to his serious medical needs at the Blackwater River Correctional and Rehabilitation Facility. Doc. 1. After reviewing the complaint, the undersigned concludes it should be dismissed without prejudice as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) due to Plaintiff's abuse of the judicial process in failing to accurately disclose his litigation history.

**I.**    **Legal Standard**

Because Plaintiff is a prisoner proceeding *in forma pauperis* and seeking relief from government employees, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which

relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

## II.     Failure to Accurately Disclose Litigation History

Section VIII of the civil rights complaint form used by Plaintiff, titled "Prior Litigation," asks the following questions:  (A) "Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service," (B) "Have you filed other lawsuits or appeals in *state or federal court* dealing with the same facts or issue involved in this case," and (C) "Have you filed any other lawsuit, habeas corpus petition, or appeal in *state or federal court* either challenging your conviction or relating to the conditions of your confinement?"  Doc. 1 at 14-15.  In response to subpart (A), Plaintiff checked the box next to the word "Yes," but did not specifically list any prior cases.  Instead, he stated:  "Not to my knowledge.  But I did ha[ve] a lawsuit concerning medical which I had to locate the Defendants then I heard nothing else.  I can't remember everything because its [sic] been a long time nor do I [know] a case number nor judge.  Once on medical in 2011 to 2013 and one on a captain which I can't remember the detail."  *Id.* at 13.  Plaintiff did not respond to subparts (B) or (C) and did not identify any additional cases.  *See id.* at 14.  At the end of the complaint, Plaintiff signed his name after the following statement: "I declare, under

penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." *Id.* at 16-17.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms. Upon such an investigation, the undersigned takes judicial notice Plaintiff previously filed the case *Redding v. Simcox*, N.D. Fla. Case No. 4:13-cv-408-RH-GRJ (summary judgment granted for defendants in a prison conditions suit). *Simcox* appears to be the medical treatment case covering the 2011-2013 time period Plaintiff describes. He also filed the case *Redding v. Mamoran*, N.D. Fla. Case No. 4:14-cv-49-RH-GRJ (defendant's motion to dismiss for failure to exhaust granted), which appears to be the case against the Captain he described.[1]

Plaintiff did not, however, disclose or attempt to describe two other cases he filed: *Redding v. Department of Corrections*, N.D. Fla. Case No. 4:14-cv-506-RH-CAS (dismissed prior to service for failure to file amended complaint as ordered) and *Redding v. Secretary, Department of Corrections*, M.D. Case No. 8:15-cv-1399-SDN-EAJ (habeas petition denied as presenting only state law issues). Thus, Plaintiff did not truthfully identify his prior federal court cases dismissed prior to

---

[1] The Court notes *Mamoran* would not be considered a strike unless the failure to exhaust was apparent from the face of the complaint. *See Wells v. Brown*, 58 F.4th 1347, 1359-60 (11th Cir. 2023) (stating the general rule that dismissal for lack of exhaustion is usually not a strike but finding prior dismissal for failure to exhaust a strike because the dismissing court had found the complaint frivolous because Plaintiff admitted therein that he had not exhausted).

Case No. 3:23cv24741-MCR-HTC

service and seeking habeas relief, respectively.  These cases bear Plaintiff's name and FDOC inmate number.

Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards when interacting with the Court.  If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice.  The Court will not tolerate false responses or statements in any pleading or motion filed before it.  Also, Plaintiff knew from reading the complaint form that disclosure of all prior cases was required.  The complaint form expressly warns prisoners: ***"[F]ailure to disclose all prior state and federal cases – including, but not limited to civil cases, habeas cases, and appeals – may result in the dismissal of this case.  You should err on the side of caution if you are uncertain whether a case should be identified."*** Doc. 1 at 12-13.  Nonetheless, Plaintiff made a false representation in his complaint.  If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.

The Court should not allow Plaintiff's false response to go unpunished.  An appropriate sanction for Plaintiff's failure to provide the Court with true factual responses is to dismiss this case without prejudice.  *See Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300-RS-EMT, 2010 WL

1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). As one district judge from this District stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, Doc. 52 (N.D. Fla. June 7, 2020).

Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) for Plaintiff's abuse of the judicial process.

2. That the clerk close the file.

At Pensacola, Florida, this 6th day of February, 2024.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.